

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

KENT T. STAUFFER
EXECUTIVE DEPUTY ATTORNEY GENERAL
DIVISION OF STATE COUNSEL

LISA R. DELL
ASSISTANT ATTORNEY GENERAL IN CHARGE
LITIGATION BUREAU

**WRITER'S DIRECT DIAL: (212) 416-6203**

September 12, 2016

By ECF
The Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Wyche v. N.Y.S. Board of Law Examiners, et al.*
1:16-cv-03029-RJD-RLM (EDNY)

Dear Judge Dearie:

The New York State Attorney General's Office represents Defendants New York State Board of Law Examiners ("BOLE"), John J. McAlary, Diane Bosse, Bryan Williams, Robert McMillen, E. Leo Milonas, and Michael Colodner in the above-referenced action. Defendants intend to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) that, if granted, will dismiss the complaint in its entirety. I write to set forth the bases for Defendants' motion, and to request a pre-motion conference,[1] as required by Your Honor's Individual Rules.

***Plaintiff's Allegations***

Plaintiff Tamara Wyche brings this action against Defendants claiming violations of Title II and Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, Section 504 of the Rehabilitation Act ("Rehab Act"), 29 U.S.C. § 794, *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin Code §§ 8-102-16(a), 8-107(4). Compl., ¶ 3. Plaintiff alleges that she has been diagnosed with panic disorder without agoraphobia, cognitive disorder, reading disorder, and amnesic disorder. *Id.*, ¶ 35. After graduating from Harvard Law School, Plaintiff took the New York State bar examination, administered by BOLE, in July 2013, July 2014, and February 2015, passing on her third attempt. *Id.*, ¶¶ 49, 54,

[1] Defendants respectfully request that the conference not be held during the period of September 19, 2016 through September 22, 2016, as the undersigned will be out of the state.

60. Plaintiff alleges that BOLE failed to provide her with reasonable testing accommodations for her disabilities on the July 2013 and July 2014 bar examinations. *See id.*, ¶ 2. Plaintiff seeks compensatory damages, declaratory and injunctive relief, and attorney's fees and costs. *Id.*, ¶ 3.

Plaintiff alleges to have submitted applications requesting the following testing accommodations for each bar examination: time and a half to complete the examination, off the clock breaks, and a private testing room; or, in the alternative to both extra time and off the clock breaks, double time on the examination. *See id.*, ¶¶ 32, 52, 57. With her first application for the July 2013 examination, Plaintiff submitted a personal statement, a 2011 neuropsychological evaluation report, a letter from her psychologist, and documentation from Harvard Law School. *See id.*, ¶¶ 34 – 39. After BOLE's expert consultant evaluated Plaintiff's application and supporting documentation, BOLE denied Plaintiff's application for testing accommodations. *Id.*, ¶ 40. Plaintiff appealed BOLE's decision. *Id.*, ¶¶ 43, 47. In response, BOLE granted her off the clock breaks and seating in a small group room. *Id.*, ¶ 48.

Along with her July 2014 application for testing accommodations, Plaintiff submitted a personal statement providing BOLE with additional information about her experience taking the prior bar examination. *See id.*, ¶ 52. After reviewing her application, BOLE granted Plaintiff time and a half to complete the examination and seating in a small group room. *See id.*, ¶ 53. Plaintiff did not appeal BOLE's decision. *See id.*, ¶ 54. Then, for the February 2015 bar examination, Plaintiff again submitted an application for testing accommodations. *See id.*, ¶ 57. After reviewing Plaintiff's application, BOLE granted Plaintiff's request for double time on the examination. *See id.*, ¶ 58. Plaintiff passed the February 2015 New York State bar examination. *Id.*, ¶ 59.

***Grounds for Defendants' Motion to Dismiss***

**Plaintiff's Individual Capacity Claims Are Subject to Dismissal**

Plaintiff's claims against Defendants Bosse, Williams, McMillen, Milonas, and Colodner in their individual capacities pursuant to the ADA and the Rehab Act should be dismissed, because there is no individual liability under those statutes. *See Garcia v. S.U.N.Y. Health Sciences Ctr.*, 280 F.3d 98, 107 (2d Cir. 2001); *Goonewardena v. New York*, 475 F. Supp. 2d 310, 321 (S.D.N.Y. 2007).

**Claims Against BOLE and Individual Defendants In Their Official Capacities are Barred**

Plaintiff's claims that Defendants violated Title II of the ADA should be dismissed because Title II fails to validly abrogate the State's sovereign immunity in terms of professional licensing examinations, such as the bar examination. "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority," *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). Using the analysis set forth in *Tennessee v. Lane*, 541 U.S. 509 (2004), Plaintiff cannot demonstrate such a valid grant of constitutional authority. First, the professional licensing examination at issue here does not trigger a fundamental right. *See Tolchin v. Supreme Ct. of the State of New Jersey*, 111 F.3d 1099, 1115 (3d Cir. 1997). Second, there are no

legislative findings establishing a pattern of disability discrimination by the States with respect to professional licensing examinations. *See Roe v. Johnson*, 334 F. Supp. 2d 415, 422 (S.D.N.Y. 2004). Finally, given the lack of Congressional findings of a pattern of discrimination by States in connection with professional licensing examinations, there is no need to determine whether Title II's remedial provisions are appropriately tailored. *Id.* at 422.

Plaintiff's claims under Title III of the ADA should also be dismissed because that Title only applies to "private entities" and BOLE and the individual defendants are not "private entities." *See Olmstead v. L.C. by Zimring*, 527 U.S. 581, 589 (1999) ("Congress . . . set forth prohibitions against discrimination in . . . public accommodations provided by private entities (Title III, §§ 12181 – 12189).").

The Eleventh Amendment bars Plaintiff's discrimination claims brought pursuant to the Rehab Act. "[Section] 504 applies only to those government agencies or departments that accept federal funds, and only those periods during which the funds are accepted." *Garcia v. State Univ. of N.Y. Health Scis. Ctr.*, 280 F.3d 98, 113 n.2 (2d Cir. 2001) (citing *Jim C. v. United States*, 235 F.3d 1079, 1081 (8th Cir. 2000)). New York has not waived its sovereign immunity from suit under the Rehab Act by accepting federal funds for BOLE during the period of alleged discriminatory acts in this case, and therefore those claims must be dismissed.

Plaintiff's request for declaratory and injunctive relief should be denied because the majority of the relief sought is retrospective relief, which is barred. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Further, even if Plaintiff did request prospective injunctive relief, she does not have standing to seek any such relief, nor can she compel Defendants to change circumstances outside of their control. Compl., "Prayer For Relief," ¶¶ a, c.

Plaintiff's claims that Defendants violated the NYCHRL should be dismissed because New York has not waived its Eleventh Amendment immunity with respect to claims brought pursuant to the NYCHRL. *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004). The individual defendants' actions at issue arose out of their official roles, and not out of their actions as private individuals. Thus, Plaintiff's NYCHRL claims are barred by sovereign immunity.

Thank you for your time and attention to this matter.

Respectfully submitted,

Michelle R. Lambert
Assistant Attorney General

cc: Jo Anne Simon, Esq. (By ECF)
Mary Caroline Vargas, Esq. (By ECF)